# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ERVIN CUMMINGS,

                              Plaintiff,

    v.                                                               9:14-CV-281 (DNH/ATB)

CLINTON COUNTY LEGISLATURE, et al.,

                              Defendants.

---

ERVIN CUMMINGS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint, transferred from the Southern District of New York, filed by pro se plaintiff Ervin Cummings. (Dkt. Nos. 2, 3). Plaintiff has also filed an application to proceed in forma pauperis ("IFP").[1] (Dkt. No. 6). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially

---

[1] Plaintiff's original application to proceed IFP was incomplete, based upon his failure to file an Inmate Authorization Form, and on March 14, 2014, District Court Judge David N. Hurd ordered plaintiff to file a properly completed form. (Dkt. No. 5). Plaintiff filed a new form, together with his Inmate Authorization Form. (Dkt. Nos. 6, 7). Although plaintiff has still failed to properly complete the application, the court is able to determine that he meets the financial eligibility requirements, and the case is now before me for review of the complaint.

eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In a very confusing complaint, plaintiff appears to allege that he was denied proper medical care on October 10, 2013, when he was incarcerated at the Clinton County Jail ("CCJ"). (Compl. ¶ III(A) – III(C)). He also appears to allege that, in various ways, the Clinton County Jail staff violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6.

Plaintiff states generally, that he has a variety of injuries, resulting from a tractor trailer crash. (Compl. ¶ III(C)). He states that he is in a great deal of pain, has trouble sleeping, and suffers from "emotional distress." (*Id.*) Plaintiff states that when he informed "medical" of his ulcers, pain, and inability to sleep, he was given "psyche meds to sleep, trasithon [sic],[2] for pain." (*Id.*) In a paragraph, labeled "Injuries," plaintiff states that he received "lower back and knee surgery, special shoes, [and]

---

[2] It is clear that plaintiff has misspelled the medication that he states he was given. "Trasithon" is not a pain or sleep medication, however, the actual medication is irrelevant to this order.

3

proper medication," but then states that he received "nothing, but over the counter med. no infirmary refuse to be taken to hospital." (Compl. ¶ IV).

Attached as a separate page to the complaint is, what plaintiff entitles: "HIPPA [sic] Law Confidentiality Privacy Act (Law)" violations, although not all of these alleged violations are related to HIPAA or privacy. (Compl. at CM/ECF p.5). This list contains eight general statements about CCJ, including that (1) inmates are denied outside medical attention for pain and severe illness; (2) there is no medical infirmary for inmates at CCJ; (3) there is no 24-hour nurse or medical staff available; (4) inmates are prescribed over-the-counter pain medicines, and they are distributed by corrections officers, rather than medical staff, in violation of HIPAA; (5) inmates who attempt suicide are left in general population "for the rest of the inmate's [sic] to know the personal behavior of person(s) under severe stress, causing them further anxiety or depression"; (6) when inmates contact their attorneys to inform them of these violations, HIPAA is violated because the conversations are monitored; (7) there are "call spending limits"; and (7) when plaintiff sent his personal and/or papers to be photocopied, they were read and "scrutinized" by "random staff" in violation of HIPAA. (*Id.*) Plaintiff claims that the Clinton County Legislature and the Sheriff of Clinton County should be "held accountable" for the conduct that occurs at the CCJ. (*Id.*) Plaintiff seeks only monetary relief. (Compl. ¶ V).

### III. HIPAA

#### A. Legal Standards

"Courts have overwhelmingly concluded that there is no private right of action under HIPAA." *Coon v. Burkly*, No. 1:13-CV-1306, 2014 WL 1976669, at *8 (N.D.N.Y. May 15, 2014) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009); *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *Rosado v. Herard*, No. 12 Civ. 8943(PGG) (FM), 2013 WL 6170631, at *3, 2013 (S.D.N.Y. Nov. 25, 2013), *report and rec. adopted in part and modified in part on other grounds*, 2014 WL 1303513 (S.D.N.Y. Mar. 24, 2014); *Mascetti v. Zozulin*, No. 3:09 Civ. 963(PCD), 2010 WL 1644572, at *4 (D. Conn. Apr. 20, 2010); *Cassidy v. Nicolo*, No. 03 Civ. 6603(CJS), 2005 WL 3334523, at *5 (W.D.N.Y. Dec. 7, 2005) (collecting cases)). Enforcement of HIPAA is reserved exclusively to the Secretary of Heath and Human Services. *Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007).

#### B. Application

Plaintiff alleges various HIPAA violations by all defendants. However, it is clear that plaintiff may not bring an action based upon alleged HIPAA violations, regardless of who, or what entity, plaintiff names. Any claims based upon HIPAA may be dismissed with prejudice.

## IV. <u>Constitutional Right to Privacy</u>

### A. Legal Standards

The Fourteenth Amendment Due Process Clause protects an inmate from the unwanted disclosure of personal health information. *Myers v. Dolac*, No. 09-CV-6642P, 2013 WL 5175588, at *6 (W.D.N.Y. Sept. 12, 2013) (citing *Davidson v. Desai*, 817 F. Supp. 2d 166, 191 (W.D.N.Y. 2011)). Whether an inmate is entitled to constitutional protection against the disclosure of a particular medical condition is determined on a case-by-case basis. *Id.* (citing *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 66 (2d Cir. 2011)). In order to merit constitutional protection against disclosure, the medical condition must be both serious in nature, and of the type that is "excruciatingly private and intimate in nature," likely to provoke "an intense desire to preserve one's medical confidentiality" *Id.* (citations omitted).

When determining whether a particular condition justifies constitutional protection, courts examine whether the disease is contagious, or attributed to "socially repugnant" conduct, and whether society as a whole views the disease as "directly associated with any disease which might conceivably be characterized as loathsome." *Id.* In the prison context in particular, the constitutional right to confidentiality in a medical condition applies only to "'unusual medical condition[s] which, if disclosed unnecessarily, would likely expose an inmate to ridicule, discrimination, or even potentially violence, particularly when word of the conditions is likely to spread

6

through humor or gossip.'" *Id.* (citation omitted).

In this circuit, courts have accorded constitutional privacy protection only to a handful of medical conditions, including HIV, transsexualism, and sickle cell anemia. *Id.* (citations omitted). Courts have declined to recognize constitutional protection for many other medical conditions, including fibromyalgia, arthritis, sleep apnea, participation in mandated alcohol and drug rehabilitation, and Hepatitis A. *Id.* (citing *Matson*, 631 F.3d at 68 (fibromyalgia); *Barnes v. Abdullah*, No. 11 Civ. 8168, 2013 WL 3816586, at *8 (S.D.N.Y. July 22, 2013) (arthritis); *Ross v. Westchester Cnty. Jail*, No. 10 Civ. 3937, 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012) (sleep apnea). *See also Hamilton v. Smith*, No. 9:06-CV-805, 2009 WL 3199531, at *15 & n.18 (N.D.N.Y. Jan. 13, 2009) (rejecting plaintiff's Eighth and Fourteenth Amendment claims for disclosure of Hepatitis A condition, finding Hepatitis A was not "serious medical need" and disclosures were "necessary to investigate . . . pending grievances")*, report and rec. adopted as modified by*, 2009 WL 3199520 (N.D.N.Y. Sept. 30, 2009); *Wilson v. Brock*, No. 9:06-CV-528, 2008 WL 4239564, at *5 (N.D.N.Y. Sept. 11, 2008) (no constitutionally protected confidentiality in parolee's participation in mandated drug or alcohol rehabilitation program).

In this case, plaintiff alleges that corrections officers are allowed to distribute

7

medication and "over-the-counter" pain medicine.[3] (Compl. at 5). Plaintiff states that he has injuries resulting from a tractor-trailer crash, including back pain and a torn meniscus. (*Id.* ¶ III(c)). He states that he takes "mental sleeping meds," but that he only received over-the-counter medications. None of these conditions warrants constitutional privacy protection under the case law cited above. Plaintiff receiving over-the-counter pain medication from corrections officers is not the type of "disclosure" that would likely result in ridicule, discrimination, or violence.

Plaintiff vaguely claims in his attached "list," that inmates' telephone calls are "monitored" and his papers were read by "random staff" when the papers were "sent" for photocopying at some unknown time. There is no statement of what highly confidential information might have been disclosed, and these claims are so conclusory that no constitutional privacy claim is stated. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (conslusory allegations insufficient to state a constitutional claim).

Thus, based upon the facts in this complaint, plaintiff has failed to state a constitutional privacy claim as against any of the defendants, and to the extent that the complaint may be interpreted as raising constitutional right to privacy claims in addition to the HIPAA claim, it may be dismissed.

---

[3] The court notes that plaintiff alleges that the defendants' conduct took place on October 10, 2013. (Compl. ¶ III(B)). Plaintiff has not specified what this one incident was or who was involved in this incident. His complaint is filled with generalities about how officers are allowed to distribute medications and how inmates' telephone calls are monitored. It is almost impossible to determine what plaintiff is actually challenging or when much of the alleged conduct actually occurred.

## V. Agency Defendants, Clinton County, and County Legislature

### A. Legal Standards

#### 1. Clinton County Jail/Medical Department

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against the police department); *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) (same); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) (dismissing against police department). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id*. *See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y.1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

#### 2. Sheriff Dave Favro/Clinton County

A municipality itself, however, may be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable

under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).

The Sheriff may be sued in his individual capacity or in his official capacity. A section 1983 action against municipal officers in their official capacities is treated as an action against the municipality itself. *Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) (citing *Brandon v. Holt*, 469 U.S. 464, 471-73 (1985)).

**B. Application**

In this case, plaintiff names the CCJ and the CCJ Medical Department. (Compl. ¶ I(B)). Plaintiff may not sue either one of these entities, and the complaint may be dismissed in its entirety with prejudice as against CCJ and CCJ Medical Department. Plaintiff also names Sheriff Dave Favro as a defendant. To the extent that he names Sheriff Favro in his "official capacity,"[4] as stated above, plaintiff is essentially suing the County, and he would have to show that a County policy caused the violation of his civil rights. *Monell, supra.*

---

[4] Plaintiff does not allege whether he is suing the Sheriff in his individual or official capacity. To the extent that plaintiff is attempting to sue the Sheriff in his individual capacity, any such claim must be dismissed because plaintiff alleges absolutely no personal involvement by Sheriff Favro in any of the claims asserted. Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

In the page attached to plaintiff's form-complaint, he makes some general allegations that could conceivably related to "policy," not involving the HIPAA claims, which were discussed above. He claims that inmates *in general* are denied outside medical attention for pain and severe illness; there is no infirmary at CCJ, there is no 24-hour medical staff on duty, and inmates who attempt suicide are left in general population. (Compl. at 5). Plaintiff has not related any of these allegations to specific instances of harm to him, other than vague references to being given only over-the-counter medications and vague references to the lack of an infirmary. Such conclusory allegations are insufficient to state a claim under section 1983. *Barr v. Abrams*, 810 F.2d at 363.

## VI. <u>Medical Care</u>

### A. **Legal Standards**

In order to state a claim for cruel and unusual punishment under the Eighth Amendment, based on constitutionally inadequate medical treatment, a sentenced prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing, *inter alia*,

11

*Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Constitutional medical care claims by pretrial detainees must be analyzed under the Due Process Clause of the Fourteenth Amendment because the Eighth Amendment's cruel and unusual "punishment" clause is not directly applicable to prisoners who have not been convicted. *Mayo v. County of Albany*, 357 F. App'x 339, 341 (2d Cir. 2009). In 2009, the Second Circuit held that the Eighth Amendment "deliberate indifference" standard, as articulated in the Supreme Court's decision in *Farmer v. Brennan*, 511 U.S. 825 (1994)[5], should be applied to constitutional medical care claims of pretrial detainees under the Due Process clause. *Caiozzo v. Koreman*, 581 F.3d 63, 66, 72 (2d Cir. 2009) ("[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment"). *Caiozzo*, following the position taken by several other circuit courts, reversed prior Second Circuit precedent which had applied a strictly objective standard in evaluating medical claims by pretrial detainees under the Due Process clause. *Mayo*, 357 F. App'x at 341; *Caiozzo v. Koreman*, 581 F.3d at 71 & n.4.[6]

---

[5] Farmer included a subjective element in the Eighth Amendment standard for deliberate indifference, requiring evidence that the defendant "disregard[ed] a risk of harm of which he [was] aware." *Caiozzo*, 581 F.3d at 65 (quoting *Farmer*, 511 U.S. at 837).

[6] As the Second Circuit in *Caiozzo* elaborated: "[D]espite the distinct constitutional sources of the rights of pretrial detainees and convicted inmates, state jail and prison officials owe the same duty to provide the same quantum of basic human needs and humane conditions of confinement to both groups. . . . That pretrial detainees may have more

12

### B. Application

It is unclear from plaintiff's complaint whether he was a pre-trial detainee or a convicted prisoner when the conduct alleged in the complaint occurred. Regardless of plaintiff's status, as stated above, the constitutional analysis is the same. The complaint may be interpreted as alleging that plaintiff did not receive adequate medical care because he did not receive anything but over-the-counter medications for his pain. He also claims that his rights were violated because the CCJ has no "infirmary" and either he refused to go to the hospital or CCJ officials refused to take plaintiff to the hospital. The fact that the County Jail does not have an infirmary in the jail or does not have medical personnel on duty 24-hours per day does not necessarily state any claim for relief. Plaintiff also makes the conclusory allegation, without any factual support whatsoever, that "inmates" are denied outside medical attention for pain and severe illness.

Even if read extremely liberally and this court found that plaintiff stated a claim, based upon his conclusory allegations of the denial of medical care, as stated above, plaintiff has failed to name anyone who has denied him proper medical care. To the extent that plaintiff has included allegations of the alleged denial of medical care to other inmates, plaintiff may not raise such a claim. *See Murray v. Palmer*, No. 9:03-

---

protections or rights in general . . . does not mean that they are entitled to greater protection of rights shared in common with convicted inmates.'" 581 F.3d at 71-72 (quoting *Hare v. City of Corinth, Mississippi*, 74 F.3d 633, 649 (5th Cir. 1996) (en banc)).

CV-1010, 2008 WL 2522324, at *8 (N.D.N.Y. June 20, 2008) (court noting that plaintiff may not assert the rights of other inmates because the suit was not a "class action"). Thus, this court will recommend dismissing plaintiff's medical care claim without prejudice to plaintiff filing an amended complaint naming a proper defendant or defendants or at least making more specific allegations about the alleged denial of medical care so that discovery could allow him to identify proper defendants.

VII. **County Legislature**

    A. **Legal Standards**

While departments that are administrative arms of the municipality may not be sued separately from the county itself, it has been held that the County Legislature is a legislative body, not an administrative arm of the County, and thus is a "suable entity." *Nassau County Employee "L" v. Nassau County*, 345 F. Supp. 2d 293, 298 (E.D.N.Y. 2004) (citations omitted); *Fishman v. County of Nassau*, No. 10-CV-3231, 2013 WL 1339466, at *14 (E.D.N.Y. April 1, 2014) (citations omitted). However, in order to name the Legislature, plaintiff would have to cite some unconstitutional action taken by the Legislature as a whole. *Id.*

    B. **Application**

Plaintiff in this case cites absolutely no conduct taken by the Legislature as a whole, or even by individual members of the Legislature. Plaintiff is seeking only money damages in this case, and there is no indication that any of plaintiff's alleged

violations were the responsibility of the Clinton County Legislature. Thus, the complaint may be dismissed in its entirety with prejudice as against the Clinton County Legislature.

## VIII. <u>Commission of Correction</u>

### A. Legal Standards

The state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3.

### B. Application

The New York State Commission of Correction is an executive agency of New York State. *Smith v. Donaher*, No. 12-CV-6035, 2013 WL 2531750, at *4-5 (W.D.N.Y. June 10, 2013). As such, a suit against the Commission itself is tantamount to a suit against New York State and would be precluded by the Eleventh Amendment. *Id.* Thus, any claim as against the Commission of Correction may be dismissed with prejudice.

## IX. <u>Opportunity to Amend</u>

### A. Legal Standard

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to

re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

B.  **Application**

In this case, amendment would be futile with respect to any HIPAA claims or privacy claims. Amendment would also be futile with respect to any claims against the Clinton County Legislature, the Commission of Correction, the Clinton County Jail, and the Clinton County Medical Department. Thus, the court will recommend dismissal with prejudice as to these claims and these defendants.

Plaintiff has also failed to state a claim as against defendant Favro either his individual capacity as Sheriff of Clinton County or in his "official capacity" as representative of Clinton County itself. However, it is conceivable that plaintiff could submit an amended complaint that would properly allege a denial of proper medical care. In order to do so as against defendant Favro in his individual capacity, plaintiff would have to allege that the Sheriff was "personally involved" in the constitutional denial of medical care as relates to plaintiff himself. In order to state a claim as agasint defendant Favro in his "official capacity," or against Clinton County, plaintiff would have to allege facts showing that the constitutional medical care claims he asserts were caused by a policy or custom of the County. Plaintiff may also state a constitutional claim as against other individual defendants who may have denied him proper medical care. Thus, the court will recommend dismissing plaintiff's medical care claim without

16

prejudice to plaintiff submitting a proposed[7] amended complaint for this court's review.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 6) is **GRANTED**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** as to all claims against defendants **CLINTON COUNTY LEGISLATURE, COMMISSION OF CORRECTION, CLINTON COUNTY JAIL, and CLINTON COUNTY MEDICAL DEPARTMENT**, and it is

**RECOMMENDED**, that the complaint be dismissed **WITHOUT PREJUDICE TO PLAINTIFF FILING AN AMENDED COMPLAINT** with respect to Medical Care claims as against **DEFENDANT FAVRO/and or OTHERS** as stated above, **WITHIN SIXTY (60) DAYS OF A DECISION APPROVING THIS REPORT**, and it is

**RECOMMENDED**, that if the District Court approves this Report, and plaintiff thereafter timely files a proposed amended complaint, the Clerk send the proposed amended complaint to me for review, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

---

[7] Plaintiff's proposed amended complaint would be subject to initial review and would not automatically be served.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: July 22, 2014

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge